Citation Nr: 1736715 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-23 211 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUES

1. Entitlement to service connection for a low back disability, to include as secondary to service-connected left foot disability.

2. Entitlement to service connection for bilateral leg disability (claimed as pain and numbness), to include as secondary to service-connected left foot disability.

3. Entitlement to an increased rating for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. McGoings, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1968 to November 1971. The Veteran's service includes service in the Republic of Vietnam wherein he received the Purple Heart.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire.

The Veteran testified before a Decision Review Officer (DRO) in December 2011 and the transcript has been associated with the record. The Veteran withdrew a request for a Board hearing in a January 2014 correspondence. 

The issue of an increased rating for bilateral hearing loss is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran's back disability did not begin during and was not otherwise caused by his military service; his back disability was not caused by and has not been aggravated by his service-connected disabilities.

2. The Veteran's bilateral leg disability did not begin during and was not otherwise caused by his military service; his bilateral leg disability was not caused by and has not been aggravated by his service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for service connection for a back disability have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.309 (2016).

2. The criteria for service connection for a bilateral leg disability have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

General Legal Standards and Duties to Notify and Assist

The Board has thoroughly reviewed all the evidence in the Veteran's VA files. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the Court. 38 U.S.C. § 7104 (d)(1); see Allday v. Brown, 7 Vet. App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The points below focus on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra.

Though neither the Veteran, nor his representative has raised any issues with VA's duty to notify, the Veteran's representative has alleged that VA violated its duty to assist by failing to provide an adequate medical examination that addressed the Veteran's occupational functioning and daily activities. This issue is addressed in the remand portion of this decision.

Finally, all due process considerations have been met. The Board acknowledges that additional evidence was associated with the record after the most recent Supplemental Statement of the Case, however, the evidence largely related to issues not on appeal or was otherwise not relevant in the present case.

Service Connection, Generally

Under 38 U.S.C.A. § 7104, Board decisions must be based on the entire record, with consideration of all the evidence. The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Timberlake v. Gober, 14 Vet. App. 122, 128-29 (2000). The Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1381 (Fed. Cir. 2000).

In deciding the Veteran's claim, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event; or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Further, where the veteran asserts entitlement to a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303 (b) by demonstrating a continuity of symptomatology since service or diagnosis within the presumptive period after service, but only if the chronic disease is listed under 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013).

In the context of claims for secondary service connection, the evidence must demonstrate an etiological relationship between the service-connected disability or disabilities on the one hand and the condition said to be proximately due to the service-connected disability or disabilities on the other. Buckley v. West, 12 Vet. App. 76, 84 (1998). Secondary service connection may also be warranted for a nonservice-connected disability when that disability is aggravated by a service-connected disability. See Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). Also, with regard to a claim for secondary service connection, the record must contain competent evidence that the secondary disability was caused by the service-connected disability. See Wallin v. West, 11 Vet. App. 509 (1998); Reiber v. Brown, 7 Vet. App. 513, 516-17 (1995).

Service Connection, Low Back Disability

The Veteran seeks entitlement to service connection for a back disability that he alleges was caused by a land mine explosion while in Vietnam.

As an initial matter, arthritis is included on the list of chronic diseases under 38 C.F.R. § 3.309 (a), so service connection for that condition may be established under 38 C.F.R. § 3.303 (b) by demonstrating a continuity of symptomatology since service or diagnosis within the presumptive period after service. Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013). The Veteran has claimed continuous, gradually worsening back pain since the initial injury, particularly since his active service. However, the Veteran denied recurrent back pain in November 1971 during his exit examination and the accompanying physical examination found no spinal abnormalities. While he has testified that he sought treatment for back pain within one year after service, VA has been unable to locate any records and the Veteran has supplied none. See VA Form 27-0820, dated August 3, 2010. 

Even accepting this testimony as evidence of back pain since service, contradicting medical evidence, supported by reasons and bases, traces the etiology of the Veteran's back pain to his work as a carpenter. See, e.g., June 2015 Compensation and Pension Examination; 38 C.F.R. § 3.303 (b)("This rule does not mean that any manifestation of joint pain...in service will permit service connection of arthritis...first shown as a clear-cut clinical entity, at some later date.") Most importantly, the evidence establishes that the Veteran had "unremarkable" x-rays of the lumbar spine in 2002, and in 2003 a VA examiner noted that imaging of the lumbar spine failed to show any significant degenerative changes. The evidence is against finding that the Veteran had a continuity of symptomatology of arthritis since his active service.

The Veteran's service treatment records have been associated with the claims file and appear to be complete. On the Veteran's enlistment examination, conducted in April 1968, the Veteran was found to be in good health and qualified for enlistment. The Veteran's service treatment records do show that he sustained an injury to his left foot as the result of a land mine explosion. On the his exit examination, conducted in November 1971, the Veteran wrote "my health is unchanged, my condition is excellent, health records reviewed" and the Veteran was qualified for separation. The Veteran's service treatment records are silent for a back related injury and/or treatment.

The Veteran's VA outpatient treatment records have been associated with the claims file. In an October 2001 initial patient assessment at the Manchester VAMC, the patient listed his medical problems as "continuous leg pain and numbness both legs. Hard of hearing, w/ringing in my ears." [Sic]. The Board notes the absence of any back related complaints. A July 2002 x-ray of the lumbar spine was noted as unremarkable. In January 2003 an x-ray of the Veteran's lumbosacral spine did not reveal significant abnormalities, though the Veteran had complaints of tenderness. The examiner notes minor hypertrophic changes at L4-5 and possible right nephrolithiasis. In February 2003 an examiner again noted that imaging on the Veteran's spine had failed to show any significant degenerative arthritis or degenerative disc disease and that CT scanning has also been unremarkable. Records from the Jamaica Plain VAMC, dated December 2010 to August 2011, include several examinations and testing of the Veteran's back. In a March 2011 examination the Veteran explained that he began experiencing right lower back pain in 1980 and the examiner noted that the Veteran's occupation, which involved heavy lifting, exacerbated his symptoms. Records from the Manchester VAMC, dated November 2010 to June 2016, also include multiple back examinations. In December 2011, an examiner noted that the Veteran suffers from degenerative back disease, but also widespread myofascial pain, which is evidenced by his fibromyalgia diagnosis. Multiple tests were conducted, all of which resulted in the Veteran experiencing back pain. The records contain many reports of the Veteran stating that his back pain originates from military service, but, do not contain a medical opinion linking the Veteran's back disability to military service.

The Veteran's private treatment records have also been associated with the claims file. These records reflect the Veteran undergoing various treatment for back and leg related issues, but the records are silent as to the etiology of the Veteran's back condition, other than the Veteran's own reports of the condition beginning during service.

A December 2005 letter from Dr. Linda-Jo Pettingell confirmed that the Veteran was being treated for chronic symptoms of lumbalgia with associated sciatica and paresthesias. Dr. Pettingell stated that she could not state what caused the Veteran's lumbar subluxations without resorting to speculation, but that his symptoms were related to the lumbar subluxations. Another private physician, Dr. Stephen Dohoney, diagnosed the Veteran with misalignment of L5/S1 disc causing protrusion of the vertebral disc.

The Veteran was afforded a VA examination in July 2012. The examiner ultimately concluded that the Veteran's back condition was less likely than not proximately due to or the result of the Veteran's service connected foot disability. In June 2015 the Veteran was afforded another VA examination. The examiner diagnosed lumbosacral strain, degenerative arthritis of the spine, intervertebral disc syndrome, and spinal fusion. The examination indicated that the Veteran has an abnormal or outside of normal range of motion associated with pain, no additional loss of function after repetitive use, and no ankylosis of the spine. The examiner opined that it is less likely than not (less than 50% probability) that his current back condition is related to active military service, secondary to, or aggravated by his service connected left foot, fifth metatarsal fracture. The examiner based this opinion on the fact that the Veteran's active duty records are silent for back complaints and/or treatment. The examiner also noted that the Veteran worked as a carpenter and electrician after service, which required heavy lifting, bending and repetitive movement. The examiner found there is clear documentation of age related spinal stenosis and that developed after doing carpentry work. 

As to the statements of record authored by the Veteran, he is certainly competent to report back related symptoms such as pain, because such requires only personal knowledge as it comes to him through his senses. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). However, the most probative evidence of record does not show the Veteran met the objective criteria for service connection of a back related disability, namely a positive medical opinion that the Veteran's back condition is related to service. There is likewise no positive medical opinion that his service-connected foot disability has in any way caused or aggravated the back condition.

The evidence is not in equipoise, so the benefit of the doubt rule does not apply. Gilbert v. Derwinski, 1 Vet. App. at 53-56. The Veteran's claim of entitlement to service connection for a back disability is denied.

Service Connection, Bilateral Leg Disability

The Veteran seeks entitlement to service connection for a bilateral leg disability that he alleges was caused by a land mine explosion while in Vietnam.

As noted above, the Veteran's service treatment records do show the Veteran received an injury to his left foot after stepping on a land mine in 1970. On his exit examination, conducted in November 1971, the Veteran wrote "my health is unchanged, my condition is excellent, health records reviewed" and the Veteran was qualified for separation.

The Veteran's private treatment records have also been associated with the claims file. In August 1999 the Veteran had a physical examination wherein the examiner reported that his extremities showed no edema or calf tenderness, and the Veteran had full range of motion in all extremities. In February 2008, the Veteran had an examination at The Pain Relief Center where he stated that starting in January 2008, his left leg started feeling numb down his calf and into his foot and that he experienced constant pain. The physician also noted that the Veteran had an abnormal gait and that muscle testing of the upper and lower extremities was "5/5."

In August 2002 an electromyogram (EMG) and nerve conduction studies were performed and showed the left lower extremity to be normal with no evidence of neuropathy or radiculopathy and no evidence of any lumbosacral lesion electrically.

The Veteran's VA outpatient treatment records have been associated with the claims file. In November 2001 the Veteran reported to VA examiners that he has experienced pain and numbness in both legs for at least 16 years and that the condition is worsening. In December 2001 the Veteran underwent an examination wherein the examiner found the Veteran's gait to be normal and a sensory examination showed diminished sensation to light touch in the left foot and diminished sensation to pinprick in both feet. In January 2003, the Veteran had complaints of aching pain in both feet and legs, as well as numbness and tingling in his legs. In December 2010, an examiner opined that the Veteran's prominent calf muscles may suggest a long-standing dystrophy, and that his limitations seem to be more from the disc disease in the lumbar spine, and cervical spinal stenosis. There were no signs of myelopathy. During a December 2011 pain consult, the Veteran explained that his back pain radiates down the posterior of both legs. The examiner noted the Veteran's normal gait and that the Veteran is able to walk on his toes, but doing so results in axial back pain. An October 2014 examination of the Veteran's left ankle revealed soft tissue swelling. Other than the Veteran's own reports, the records do not include a medical finding as to the etiology of the Veteran's condition.

The Veteran was afforded a compensation and pension examination in June 2015 to assess his bilateral leg disability. The diagnosis rendered was bilateral lower extremity radiculopathy. The examiner opined that it is less likely than not (less than 50% probability) that the Veteran's radiculopathy is related to his active military service, secondary to, or aggravated by his service connected left foot, fifth metatarsal fracture. The examiner based this opinion on the Veteran's history of heroin and alcohol abuse, which can cause peripheral neuropathy. The examiner also noted that the Veteran developed left lower extremity paresthesia while working as a carpenter in 1980, which worsened and became bilateral in nature, which suggests a relationship to the Veteran's non-service connected back condition, rather than the left foot. The examiner also pointed to the fact that the veteran has clear documentation of age related spinal stenosis with multilevel disc bulges which would be the etiology of his neuropathy in left foot.. Also noted was that a previous EMG, revealed peroneal nerve disorder, which is more likely related to the Veteran's back condition rather than the left foot.

As the evidence fails to establish that the Veteran's bilateral leg condition is related to service, or is caused or aggravated by a service-connected condition, the evidence is not in equipoise, so the benefit of the doubt rule does not apply. Gilbert v. Derwinski, 1 Vet. App. at 53-56. The Veteran's claim of entitlement to service connection for a bilateral leg disability is denied.


ORDER

Service connection for a low back disability, to include as secondary to service-connected left foot disability, is denied.

Service connection for a bilateral leg disability, to include as secondary to service-connected left foot disability, is denied.


[Continued on Next Page]
REMAND

In April 2017 the U.S. Court of Appeals for Veterans Claims (the Court) concluded that the July 2012 VA audiological examination was inadequate for rating purposes and that the Board erred by relying on it in reaching its February 2015 decision. Pursuant to the April 2017 Court remand, the Veteran is to be afforded an additional VA medical opinion, or examination if deemed necessary, that adequately addresses the functional effects caused by the Veteran's hearing disability.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file any outstanding, pertinent treatment records from the Manchester VAMC from July 2016 to present.

2. Only AFTER obtaining the above VA records, to the extent they are available, then scheduled the Veteran for a VA audio examination. 

The entire claims file should be reviewed by an appropriate VA examiner for a clarifying opinion, supported by reasons and bases, as to the effects of the Veteran's hearing disability on his occupational functioning and his daily activities. 

3. After completion of the above, the issue should be readjudicated. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided with a supplemental statement of the case (SSOC).

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs